UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCUS RICHARDSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:14-cv-0459-JMS-DKL ) ) |
| DUSHAN ZATECKY, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

**I.**

**A.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a). When the challenged custody results from a prison disciplinary proceeding, due process requires that certain procedural safeguards be observed and that the decision be supported by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

**B.**

In the present case, Indiana prisoner Marcus Richardson challenges the validity of a prison disciplinary proceeding identified as No. CIC 13-09-0039, wherein Richardson was charged with and found guilty of violating prison rules through Sexual Conduct. Construing the record most favorably to the findings of the hearing officer, during the late afternoon of September 2, 2013, Richardson exposed himself to Officer Wade.

The sufficiency of the evidence is not subject to dispute here, given the reporting officer's clear narrative account of a very simple incident. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."). Using the protections recognized in *Wolff* as an analytical template, Richardson received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Richardson was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and reviewing authority issued sufficient statements of their findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed.

Richardson's contentions otherwise are unpersuasive. He first argues that he was denied evidence because a video of the incident was not produced and considered, but the expanded record

shows that no video was in existence. Prison authorities do not commit error when failing to consider a supposed video which does not in fact exist.

Richardson's second claim is that he was denied witnesses. A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The record shows, however, that prison authorities contacted and obtained statements from inmates who could be identified. These statements were then considered by the hearing officer. Richardson disputes the completeness of this effort, but even his view fails to identify any prejudicial mishandling of the matter. The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011); *Piggie,* 342 F.3d at 666.

## C.

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Richardson to the relief he seeks. His

arguments that he was denied the protections afforded by *Wolff* and *Hill* are refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied.**

**II.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: September 8, 2014

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MARCUS RICHARDSON
944814
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically registered counsel